UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BRIAN LASSETTER,<br><br>                          Plaintiff,<br><br>    v.<br><br>TIFFANY PATTERSON, et al.,<br><br>                          Defendants. | Case No. 2:14-cv-01109-JCM-PAL<br><br>ORDER AND REPORT OF FINDINGS<br>AND RECOMMENDATION<br><br>(IFP App – Dkt. #1) |

Plaintiff Brian Lassetter is proceeding in this action pro se. He has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis, and he submitted a complaint. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

**I.     In Forma Pauperis Application (Dkt. #1).**

Although Plaintiff was incarcerated when he filed the Application, he has since been released. *See* Notice of Change of Address (Dkt. #3). Therefore, the court will treat this as a case filed by a non-incarcerated litigant to avoid imposing the filing fee required by 28 U.S.C. § 1915(b)(2). Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed in forma pauperis will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint.**

Upon granting a request to proceed in forma pauperis, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

1  or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.
2  § 1915(e)(2).  When a court dismisses a complaint under § 1915(a), the plaintiff should be given
3  leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from
4  the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v.*
5  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

6  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a
7  complaint for failure to state a claim upon which relief can be granted.  Review under Rule
8  12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of*
9  *America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and
10 plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.
11 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not
12 require detailed factual allegations, it demands "more than labels and conclusions" or a
13 "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678
14 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all
15 well-pled factual allegations contained in the complaint, but the same requirement does not apply
16 to legal conclusions.  *Id.*  Mere recitals of the elements of a cause of action, supported only by
17 conclusory allegations, do not suffice.  *Id.* at 679-80.  Secondly, where the claims in the
18 complaint have not crossed the line from plausible to conceivable, the complaint should be
19 dismissed.  *Twombly,* 550 U.S. at 570.

20 The complaint was filed on the court's form civil rights complaint pursuant to 42 U.S.C.
21 § 1983.   To state a claim under section 1983, a plaintiff must allege that a right secured by the
22 Constitution has been violated, and the deprivation was committed by a person acting under
23 color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).  States and state officers
24 sued in their official capacity are not "persons" for the purposes of a section 1983 action, and
25 generally, they may not be sued under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S.
26 58, 71 (1989).  Section 1983 does allow suits against state officers in their individual capacities.
27 *Hafer v. Melo*, 502 U.S. 21, 26 (1991).  Plaintiff has named private individuals as Defendants.
28 / / /

1  He does not allege that any of the Defendants are state actors or were acting under color of state
2  law.  Accordingly, he cannot state a claim under 42 U.S.C. § 1983.

3  Plaintiff's complaint alleges that his friend Defendant Tiffany Patterson and her friends,
4  came over to Plaintiff's home from time to time, and at the end of September 2012, one of Ms.
5  Patterson's friends told Plaintiff he needed some vitamins because he was sick.  Plaintiff alleges
6  she gave him a shot of stimulant "to sedate" him, and he has not been the same since.  He alleges
7  after he was sedated, Defendants implanted listening devices around Plaintiff's ears without
8  permission, and he began to hear voices.  Plaintiff alleges the voices belong to various people he
9  knows.  He also alleges a medical device was illegally implanted in his head, which has burned
10 his brain, and he has received death threats from Defendants.  He also alleges that he overhead
11 Tiffany Patterson tell W. Patterson to cut off Plaintiff's penis.  He alleges the Defendants have
12 stolen over $10,000.00 worth of material goods from him.

13 18 U.S.C. § 1915(d) gives the court the power to dismiss "claims whose factual
14 contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios."
15 *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989).  The court finds Plaintiff's claims describe
16 fantastic and delusional events, and it will be recommended the complaint be dismissed.
17 Because Plaintiff's claims cannot be cured by the allegation of additional facts, no leave to
18 amend will be granted. *See Lopez v. Smith,* 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc)
19 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend should be granted
20 unless amendment would be futile)).

21 Accordingly,
22 **IT IS ORDERED:**
23 1. Plaintiff's request to proceed in forma pauperis is GRANTED.  Plaintiff shall not
24    be required to pay the filing fee of four hundred dollars ($400.00).
25 2. Plaintiff is permitted to maintain this action to conclusion without the necessity of
26    prepayment of any additional fees or costs or the giving of a security therefor.
27 / / /
28 / / /

This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court shall file the complaint but shall not issue summons.

**IT IS RECOMMENDED** that Plaintiff's complaint be DISMISSED with prejudice for failure to state a claim upon which relief can be granted.

Dated this 30th day of September, 2014.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court. Pursuant to Local Rule of Practice IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.